| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | | |
|---|---|---|
| JOSE MOREIRA, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. _____ |
| SPITZER INDUSTRIES, INC., | § § § | |
| *Defendant(s)*. | § | |

## PLAINTIFF JOSE MOREIRA'S ORIGINAL COMPLAINT

Plaintiff Jose Moreira (referred to as "Moreira") brings this action under 29 U.S.C. § 2104(a)(5) individually and on behalf of all similarly situated employees of Defendant Spitzer Industries, Inc. (referred to as "Spitzer Industries") who were terminated without cause or suffered other employment loss as part of or as the result of a plant closing or mass layoff ordered by the company on or about March 26, 2020, and within thirty days of that date and who were not provided with advance written notice of the plant closing or mass layoff as required by the Worker Adjustment Retraining and Notification Act, 29 U.S.C. §§ 2101-2109 ("WARN Act").

### I.  Nature of Suit

1.     Moreira's claims arise under the WARN Act.

2.    The WARN Act "provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs[;] [a]dvance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

3.    Spitzer Industries violated the WARN Act by ordering a plant closing or mass layoff before "the end of a 60-day period after … serv[ing] written notice of such" plant closing or mass layoff to each affected employee, including Moreira and other similarly situated employees. 29 U.S.C. § 2101(a); *see also*, *id*. at § 2101(a)(5) (defining "affected employee").

4.    Moreira (sometimes referred to as the "Class Representative") brings this action under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23 individually and on behalf of all similarly situated employees (defined below) to recover back pay, employee benefits and attorney's fees under the WARN Act.

## II. Jurisdiction & Venue

5.    This action arises under a federal statute, the WARN Act. 28 U.S.C. § 1331 (federal-question jurisdiction); *see also*, 28 U.S.C. § 1334; 29 U.S.C. § 2104(a)(5).

6.    Venue is proper in this district and division because the WARN Act violations described in this complaint are alleged to have occurred in this district and division. 29 U.S.C. § 2104(a)(5).

### III.  Parties

7.    Moreira is an individual who resides in Harris County, Texas and who was employed by Spitzer Industries during the last two years.

8.    Spitzer Industries is a Texas corporation that may be served with process by serving its registered agent:

Stephen Lee
1770 Saint James Place, Suite 625
Houston, Texas 77056

Alternatively, if the registered agent of Spitzer Industries cannot with reasonable diligence be found at the company's registered office, Spitzer Industries may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

9.    An allegation that Spitzer Industries committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval

of Spitzer Industries or was done in the normal course and scope of employment of Spitzer Industries's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

10.    Spitzer Industries is a steel fabrication business.

11.    Spitzer Industries does business in the territorial jurisdiction of this Court.

12.    Spitzer Industries employed Moreira from March 9, 2018, to April 23, 2020.

13.    During Moreira's employment with Spitzer Industries, the company had one hundred or more employees (excluding part-time employees) or one hundred or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime hours).

14.    Spitzer Industries employed Moreira as an assembly technician.

15.    Spitzer Industries employed Moreira at its facility located at 707 FM 362 in Brookshire, Texas (referred to as "the Facility").

16.    Spitzer Industries terminated Moreira on April 23, 2020, without cause.

17.    Moreira's termination was part of a plant closing ordered by Spitzer Industries because it involved the permanent or temporary shutdown of the Facility and resulted in (1) the termination of; (2) a layoff exceeding six months for; and/or (3)

the reduction of hours of work by more than fifty percent during each month of any six-month period for at least fifty of Spitzer Industries' employees (excluding part-time employees) at the Facility during any thirty-day period.

18.    Alternatively, Moreira's termination was part of a mass layoff ordered by Spitzer Industries because it resulted in (1) the termination of; (2) a layoff exceeding six months for; and/or (3) the reduction of hours of work by more than fifty percent during each month of any six-month period for either (1) at least five hundred of Spitzer Industries' employees (excluding part-time employees) at the Facility or (2) at least thirty-three percent of Spitzer Industries' employees (excluding part-time employees) at the Facility, which is at least fifty employees (excluding part-time employees) during any thirty-day period.

19.    Spitzer Industries did not provide Moreira or any other employee who may have been reasonably expected to be affected by the plant closing or mass layoff ("affected employees") with advance written notice of the plant closing or mass layoff in violation of 29 U.S.C. § 2102(a).

20.    Spitzer Industries did not provide Moreira or any other affected employee the pre-termination wages and benefits required by the WARN Act.

21.    Spitzer Industries is liable to any affected employee who suffered an employment loss as a result of the plant closing or mass layoff ordered by the company,

including Moreira, for (1) back pay for each day of violation (at a rate of compensation not less than the higher of the average regular rate received by each affected employee during the last three years of the employee's employment or the final regular rate received by such employee) and (2) benefits under an employee benefit plan described in 29 U.S.C. § 1002(3). *See also*, 29 U.S.C. § 2104(a)(7).

22.     Spitzer Industries is liable to any affected employee who suffered an employment loss as a result of the plant closing or mass layoff ordered by the company, including Moreira, for his or her reasonable attorney's fees. 29 U.S.C. § 2104(a)(6)

23.     All employees of Spitzer Industries who were terminated without cause or suffered other employment loss as part of or as the result of a plant closing or mass layoff ordered by the company on or about March 26, 2020, and within thirty days of that date and who were not provided with advance written notice of the plant closing or mass layoff as required by the WARN Act are similarly situated to Moreira. 29 U.S.C. § 2104(a)(5).

### V.  Count One—
### Failure to Provide Advance Written Notice of Plant Closing or Mass Layoff in Violation of 29 U.S.C. § 2102(a)

24.     Moreira adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

25.    Spitzer Industries employed Moreira from March 9, 2020, to April 23, 2020 as an assembly technician.

26.    During Moreira's employment with Spitzer Industries, the company was covered by the WARN Act.

27.    During Moreira's employment with Spitzer Industries, there was a plant closing or mass layoff at the Facility that resulted in an employment loss to Moreira and to other affected employees.

28.    Under the WARN Act, Spitzer Industries was required to provide Moreira and any other affected employees with advance written notice of the plant closing or mass layoff. *See*, 29 U.S.C. § 2102(a).

29.    Spitzer Industries did not provide Moreira or the other affected employees with advance written notice of the plant closing or mass layoff as required by the WARN Act. *See*, 29 U.S.C. § 2102(a).

30.    Spitzer Industries did not provide Moreira or any other affected employee the pre-termination wages and benefits required by the WARN Act.

31.    By failing to provide Moreira and the other affected employees with advance written notice of the plant closing or mass layoff and by failing to them pay pre-termination wages and benefits, Spitzer Industries violated the WARN Act. *See*, 29 U.S.C. § 2102(a).

32.    As a result of the WARN Act violation(s) described above, Spitzer Industries is liable to Moreira for back pay, employee benefits and attorney's fees.

## VI.  Count Two—
### Class Action Allegations Under Fed. R. Civ. P. 23
### for Violations of the WARN Act

33.    Moreira adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

34.    Moreira, the Class Representative, brings Count One against Spitzer Industries under Fed. R. Civ. P. 23 on behalf of the following class of persons:

> All employees of Spitzer Industries who were terminated without cause or suffered other employment loss as part of or as the result of a plant closing or mass layoff ordered by the company on or about March 26, 2020, and within thirty days of that date and who were not provided with advance written notice of the plant closing or mass layoff as required by the WARN Act (referred to as the "WARN Act Class").

35.    The claims of the WARN Act Class, if certified for class-wide treatment, will be pursued by all similarly situated persons who do not affirmatively opt-out of the class.

36.    The members of the WARN Act Class are so numerous that joinder of all members is impracticable; the exact number of putative class members is unknown at the present time but should be over one hundred.

37.     There are numerous questions of law and fact common to the WARN Act Class, including:

    a.  whether the members of the WARN Act Class were employees of Spitzer Industries who worked at the Facility;

    b.  whether Spitzer Industries provided the members of the WARN Act Class with advance written notice of a plant closing or mass layoff ordered by the company that resulted in their termination without cause or other employment loss; and

    c.  whether Spitzer Industries failed to pay the members of the WARN Act Class the pre-termination wages and benefits required by the WARN Act.

38.     Moreira's claims are typical of the claims of the WARN Act Class because Moreira and the members of the WARN Act Class all worked at the Facility and were all part of the same plant closing or mass layoff that resulted in their termination without cause or other employment loss and that was ordered by Spitzer Industries without advance written notice to Moreira and the members of the WARN Act Class; in other words, Moreira's claims and the claims of the WARN Act Class arise out of a common course of conduct of Spitzer Industries and are based on the same legal and remedial theories.

39.     Moreira will fairly and adequately protect the interests of the WARN Act Class and has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Moreira and his counsel are

committed to prosecuting this action vigorously on behalf of the WARN Act Class, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed class.

40.    Class certification of the WARN Act Class is appropriate under Fed. R. Civ. P. 23 because questions of law and fact common to the putative class members predominate over any questions affecting only individual members of the class; adjudication of these common issues in a single action has important and desirable advantages of judicial economy, and there are no unusual difficulties likely to be encountered in the management of this case as a class action.

41.    The class action mechanism is superior to any alternatives that may exist for the fair and efficient adjudication of these claims because:

    a. proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources;

    b. a class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate;

    c. class treatment is the only realistic means by which the WARN Act Class can effectively litigate against a large, well-represented corporate defendant like Spitzer Industries;

    d. in the absence of a class action, Spitzer Industries would be unjustly enriched because the company would be able to retain the benefits and fruits of the numerous violations of the WARN Act; and

e.  numerous individual actions would place an enormous burden on the courts as they will be forced to take duplicative evidence and decide the same issues relating to Spitzer Industries's conduct over and over again.

42.    Spitzer Industries has acted or refused to act on grounds generally applicable to the WARN Act Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to each class as a whole; prosecution of separate actions by members of the WARN Act Class would create the risk of inconsistent or varying adjudications with respect to individual members of the WARN Act Class that would establish incompatible standards of conduct for Spitzer Industries.

43.    Moreira will send notice to all members of the WARN Act Class to the extent required by Fed. R. Civ. P. 23.

## VIII.  Count Three—
### Attorney's Fees Under 29 U.S.C. § 2104(a)(6)

44.    Moreira adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45.    Moreira is authorized to recover attorney's fees on his claims by statute. 29 U.S.C. § 2104(a)(6).

46.    Moreira has retained the professional services of the undersigned attorneys.

47.    Moreira has complied with the conditions precedent to recovering attorney's fees.

48.    Moreira has incurred or may incur attorney's fees in bringing this lawsuit.

49.    The attorney's fees incurred or that may be incurred by Moreira were or are reasonable and necessary.

50.    Spitzer Industries is liable to Moreira both individually and on behalf of the WARN Act Class for attorney's fees by reason of the WARN Act violations described above. 29 U.S.C. § 2104(a)(6).

## IX.  Relief Sought

51.    Moreira demands the following relief:

  a.  an order allowing this action to proceed as a class action under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23;

  b.  an incentive award for Moreira for serving as class representative if the Court allows this action to proceed as a class action under 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23;

  c.  judgment against Spitzer Industries in Moreira's favor both individually and on behalf of the WARN Act Class for to recover back pay, employee benefits and attorney's fees, plus interest and costs; and

  d.  all other relief and sums that may be adjudged against Spitzer Industries in Moreira's favor both individually and on behalf of the WARN Act Class.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
    Melissa Moore
    Tex. Bar No. 24013189
    S.D. Tex. Bar No. 25122
    melissa@mooreandassociates.net
    Curt Hesse
    Tex. Bar. No. 24065414
    S.D. Tex. Bar No. 968465
    curt@mooreandassociates.net

    **ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar. No. 3487389
renu@mooreandassociates.net